UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-CR-10069-LTS |
| | ) | |
| ANTIONE AJAKA (1), | ) | |
| a/k/a TONY AJAKA, | ) | |
| | ) | |
| ANNI BEURKLIAN (2), | ) | |
| a/k/a ANNI AJAKA, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' EMERGENCY MOTION FOR
A WRIT AND RESTRAINING ORDER UNDER THE ALL WRITS ACT**

The United States files this motion to prevent defendants Antoine Ajaka and Anni

Beurklian (the "Defendants") from using assets located in Massachusetts to fund their flight from

justice, and to ensure the availability of those assets to pay criminal fines and penalties, which

could total more than $2 million. Specifically, the United States has learned that the Defendants,

who fled to Lebanon via Canada during plea negotiations, have entered into an agreement for the

sale of their Massachusetts home.  The United States believes that the sale documents have been

executed and the closing could occur at any time.  The seven-figure sale of the real property

could provide nearly $1.2 million to the Defendants while they are fugitives.  To prevent this

dissipation of assets, and to attempt to thwart further efforts to evade justice, the United States

requests that the Court enter a restraining order pursuant to the All Writs Act, 28 U.S.C. § 1951

1

to protect and preserve the value of this asset, and prevent the asset from funding the Defendants' flight from justice.

## FACTUAL BACKGROUND

**A.    The Indictment**

On March 21, 2018, a federal grand jury sitting in the District of Massachusetts returned a 14-count Indictment charging, among others, Antione Ajaka and Anni Beurklian with Conspiracy to Commit Export Violations, in violation of 50 U.S.C. § 1705 (Count One), Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count Two), Illegal Provision of Services to Syria, in violation of 50 U.S.C. § 1705 (Count Three), Smuggling, in violation of 18 U.S.C. § 554 (Counts Four through Eleven), Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 371 (Count Twelve), Obstruction of Justice, in violation of 18 U.S.C. § 1519 (Count Thirteen), and Mail Fraud, in violation of 18 U.S.C. § 1341 (Count Fourteen) (the "Indictment").  *See* Docket No. 1.

The Indictment also alleged, and the Grand Jury found probable cause to believe, that the Defendants fled the United States and travelled to Lebanon during plea negotiations.  *See* Docket No. 1, p. 7, ¶¶ 14, 15.

Counts One and Three of the Indictment, Conspiracy to Commit Export Violations and Illegal Provision of Services to Syria, each carry a maximum fine of $1 million.  *See* 50 U.S.C. § 105(c).  Each of the charges under Title 18 carry a maximum fine of $250,000, or twice the gross gain or gross loss.  *See* 18 U.S.C. § 3571.  The total potential maximum statutory criminal fines significantly exceed $1.2 million.

2

B.      **The Real Property and Impending Sale**

The Defendants are trustees of a nominee trust known as 10 Juniper Hill Realty Trust (the "Trust"), which is the record owner of the real property located at 10 Juniper Hill Road, Waltham, Massachusetts (the "Real Property").  The Middlesex South Registry of Deeds shows a single lien: a mortgage held by Watertown Savings Bank.  Recent communications with the bank indicate that the lien pertains to a home equity line of credit that has not been utilized and has since been frozen.  Effectively, the Defendants own, as trustees, full equity in the Real Property, which is valued at approximately $1.2 million.  *See* HUD-1 Settlement Statement, Exhibit 1.

The Defendants recently accepted a $1.2 million offer from a prospective buyer (the "Buyer") to purchase the Real Property.  Closing was originally scheduled to occur on Thursday, March 22, 2018.  Upon hearing public news of the Indictment last Thursday morning, however, the Buyer cancelled the closing.  The Buyer since contacted the United States Attorney's Office to relay continued interest in purchasing the Real Property.  The United States has also been informed that the Defendants have a continued interest in consummating the sale of the Real Property to the Buyer.

The United States has no objection to the contemplated sale of the Real Property between the Defendants and the Buyer, provided, however, that the net proceeds of the sale (after deducting the expenses specifically identified in the Closing Statement) be paid over to the Clerk of Court to be held in escrow pending the resolution of this case or further order entered by this Court.  In fact, the sale of the Real Property serves the public interest because it will provide a mechanism to preserve the value of the asset, and prevent the property from losing value while

likely sitting vacant and having unpaid property tax assessments accrue indefinitely.

To ensure that the value of the Real Property is available to pay potential criminal fines and penalties, and to prevent the asset from being used to fund a flight from justice, the United States requests that the Court issue a Writ that allows the anticipated transaction to the Buyer for $1.2 million to be consummated, with the net proceeds of the sale paid by the closing attorney to the Clerk of Court, or, in the alternative, if the transaction is not executed, to restrain the Real Property and prevent its dissipation.

## ARGUMENT

The United States Attorney General is responsible for enforcing criminal fines. 18 U.S.C. § 3612(c)(2). The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law. 18 U.S.C. § 3613(a) and (f). The entire statutory scheme governing enforcement of criminal judgments contemplates judicial supervision and the exercise of inherent plenary authority by the courts to issue any orders necessary to effectuate collection of criminal fines. *See, e.g.*, 28 U.S.C. § 3003(c)(7) (Federal Debt Collection Procedures Act (the "FDCPA") leaves intact courts' "inherent authority...to provide injunctive relief"); 28 U.S.C. § 3202(a) (FDCPA allows courts to issue writs under All Writs Act, 28 U.S.C. § 1651, as necessary to support collection of criminal monetary penalties, including criminal fines); 28 U.S.C. § 3013 (FDCPA allows courts to extend or modify use of enforcement procedure for collection of restitution); 18 U.S.C. § 3613A(a)(1) (MVRA allows courts to enter a restraining order or injunction for defaulted debt obligations).

The United States' enforcement tools are somewhat limited by the judgment-focused statutory scheme, which does not automatically empower or authorize the United States to

collect or enforce criminal monetary penalties until after the issuance of a judgment.

Recognizing these schematic limitations, one district explained:

> While these various remedies available to the government and the victim may, in the fullness of time, play a role in assuring that restitution is paid, none can be instantly implemented and none ensures that, in the interim, defendant's assets will not be secreted, wasted or placed beyond the reach of the victim or the government.  In short, none reasonably ensures the effectiveness of the Court's restitution order by ensuring that defendant's assets are not wasted or secreted.

*United States v. Abdelhadi*, 327 F.Supp.2d 587, 601 (E.D.Va. 2004).

Without a court order, the United States does not have the tools necessary to restrain or freeze the Defendants' non-forfeitable assets.  The FDCPA tools for enforcing criminal monetary penalties imposed in criminal judgment cannot be employed prior to judgment being entered.  If this were a civil action or if the civil fine contemplated in this action had already been assessed against the Defendants, the Defendants' assets could be restrained under 28 U.S.C. § 3101.

The United States requests that this Court enter an order pursuant to its inherent authority and the All Writs Act, restraining any sale of the Real Property, except as to the Buyer and other additional terms provided in the proposed order, and, if the Real Property is sold to the Buyer, directing that the net proceeds be paid to the Clerk of Court.  If entered by this Court, the order will halt some of the Defendants' efforts to avoid justice.

The All Writs Act provides the Court with the authority to issue orders that are necessary to prevent obstruction of justice and interference with the Court's jurisdiction and the ability to enforce its lawful decisions.  In relevant part, the All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The All Writs Act expressly preserves this inherent authority. *See In re Baldwin United Corp.*,

770 F.2d 328, 338 (2d Cir. 1985) ("[a]n important feature of the All Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.").  "This power is organic, without the need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).  The Fifth Circuit has explained that "the All Writs Act ... provide[s] a federal court with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978).  It supplements the courts' "inherent authority" to "fashion an appropriate sanction for conduct which abuses the judicial process." *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186  (2017) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 44-45 (1991)).

The All Writs Act grants the Court the power to prevent a party from frustrating the proper administration of justice and from taking further affirmative actions to hinder justice. *See United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977).  Restraining a defendant's assets ensures that assets available to the defendant today will be available to satisfy all criminal monetary penalties imposed by the Court at sentencing.  *See United States v. Gates*, 777 F. Supp. 1294, 1295 (E.D. Va. 1991) (denying due process argument and freezing defendant's assets after conviction to ensure payment of criminal penalties); *see also United States v. Ross*, 1993 WL 427415 at *1 (S.D.N.Y. Oct. 15, 1993) (unpublished); *United States v. Sullivan*, 2010 WL 5437243, at *6 (E.D.N.C. Nov. 17, 2010).  This includes the authority to issue orders to restrain or preserve assets to help maximize the amount of mandatory restitution actually recovered.  *See, e.g., Abdelhadi*, 327 F.Supp.2d at 600; *United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d

6

133, 138 (E.D.N.Y. 2001); *United States v. Ross*, 1993 WL 427415, *1 (S.D.N.Y. Oct. 15,

1993); United States v. Runnells, 335 F. Supp. 2d 724, 727 (E.D. Va. 2004); *United States v.*

*Simmons*, 2008 WL 336824, *1 (E.D. Wisc. Feb. 5, 2008).  Acting under the authority of the All

Writs Act, courts have granted relief to preserve assets for later application towards criminal

monetary penalties. *See United States v. Reese*, Case No. 1:12-CR-00020-MAC-KFG at Doc.

Nos. 45 (E.D. Tex. August 10, 2012).

Although most often employed post-conviction, federal courts can employ the All Writs

Act to preserve assets for payment of anticipated criminal monetary penalties regardless of

whether the defendant has pleaded guilty.  In *United States v. Nassar*, 1994 WL 16057055, *1

(N.D. Ga. Oct. 14, 1994), the court granted an order under the All Writs Act after an indicted

defendant attempted to dissipate and abscond with assets that could have been used to satisfy

anticipated fines and restitution.  Nassar was indicted for conspiracy to defraud the United States,

conspiracy to commit wire fraud, conspiracy to violate the Foreign Corrupt Practices Act, and

numerous other FCPA and securities laws.  Following his indictment, Nassar failed to appear in

court and became a fugitive from justice.  He attempted to transfer property to his wife and

daughter, and then sell that property in order to perpetuate and fund his flight from justice.  The

court issued injunctive relief pursuant to the All Writs Act to prevent Nassar from dissipating his

assets post-indictment and pre-conviction.

Like in *Nassar*, the Defendants fled the United States.  Now, having fled, the Defendants

are attempting to sell the Real Property and liquidate it, all while evading justice.  The United

States urges this Court to enter the requested Writ to prevent further injustice, and the funding of

flight from justice, which will occur if the Defendants are allowed to realize the sale proceeds from the Real Property and transfer those assets outside the jurisdiction of this Court.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court enter the attached proposed order: (a) restraining the Defendants, and others, from transferring or dissipating the property located at 10 Juniper Hill Road, Waltham, Massachusetts with a carve-out to allow the sale of the Real Property to the Buyer for the purchase price of $1,200,000; and, (b) if the Real Property is sold in accordance with the terms provided in the attached proposed order, restraining the net sale proceeds, $1,080,684.86, and direct that those net proceeds be delivered forthwith upon sale of the Real Property to the Clerk of the Court to be held pending further order of this Court.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ANDREW E. LELLING
United States Attorney

Date:  March 29, 2018      By:    /s/ Brendan T. Mockler
                                 BRENDAN T. MOCKLER (BBO 569140)
                                 B. STEPHANIE SIEGMANN
                                 DAVID G. LAZARUS
                                 Assistant United States Attorneys
                                 1 Courthouse Way, Suite 9200
                                 Boston, MA 02210
                                 Tel. No. (617) 748-3197
                                 brendan.mockler@usdoj.gov

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned requests that the Court waive the requirement that counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issues presented in this Motion as the Defendant is not represented by counsel as contemplated by Local Rule 7.1.

Date:   March 29, 2018                                /s/ Brendan T. Mockler
                                                              BRENDAN T. MOCKLER


## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018 I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF system, and a paper copy was sent by mail to those indicated as non-registered participants.

Date:   March 29, 2018                                /s/ Brendan T. Mockler
                                                              BRENDAN T. MOCKLER

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-CR-10069-LTS |
| | ) | |
| ANTIONE AJAKA (1), | ) | |
| a/k/a TONY AJAKA, | ) | |
| | ) | |
| ANNI BEURKLIAN (2), | ) | |
| a/k/a ANNI AJAKA, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

## **WRIT AND RESTRAINING ORDER**

Upon consideration of the United States' Emergency Motion for a Writ and Restraining Order under the All Writs Act (the "Motion"), it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that Antione Ajaka (a/k/a Tony Ajaka) and Anni Beurklian (a/k/a Anni Ajaka), both individually and in their capacity as trustees of 10 Juniper Hill Realty Trust, (collectively the "Defendants"), as well as the Defendants' representatives, attorneys, agents, family members, nominees, alter egos (companies), custodians, assigns, and any other person or entity holding any property on the Defendants' behalf, or with the authority to act on the Defendants' behalf (the "Restrained Parties") are restrained from alienating, dissipating, transferring, selling, assigning, leasing, pledging, encumbering, disposing, concealing, moving, or attempting or completing any action that would affect or diminish the value of any interest the Defendants hold in 10 Juniper Hill Road, Waltham, Massachusetts (the "Real Property"),

1

whether individual or as trustee, or otherwise render the interest unavailable for payment of any

criminal monetary penalties imposed upon the Defendants; and it is further

ORDERED that compliance with the terms of this Order requires that the Restrained

Parties shall not engage in the following:

a.   Directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Real Property, in any manner without prior approval of this Court;

b.   Take, or cause to be taken, any action which could have the effect of concealing or moving the Real Property or property traceable thereto from the jurisdiction of this Court; or

c.   Take or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Real Property;

and it is further

ORDERED that this Order shall not apply to the contemplated sale of the Real Property

by the Defendants, as individuals or trustees, to D.A.D.[1] (the "Buyer") for the purchase price of

$1,200,000, provided, however, that total net sale proceeds in the amount of $1,146,231.86 (the

"Funds") are paid over to the Clerk of Court as provided in this Order; and it is further

ORDERED that Loughran & Corbett Attorneys, Inc. is directed to turn over an amount

equal to $1,134,231.86 of the Funds within five calendar days from the sale of the Real Property

by mailing a check or money order made payable to "Clerk of Court" to:

Clerk of Court
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

---

[1]   To protect the identity of the buyer, only the buyer's initials are used. A person or entity may inquire into the full legal name of the buyer by contacting the settlement agent: Loughran & Corbett Attorneys, Inc., 75 N. Beacon Street, P.O. Box 228, Watertown, MA 02471, Tel. No. (617) 926-4466.

and noting "Criminal No. 18-CR-10069-LTS" in the memo section of the payment method; and it is further

ORDERED that Coldwell Banker (a/k/a Coldwell Banker Real Estate LLC) is directed to turn over an amount equal to $12,000 of the Funds within five calendar days from the sale of the Real Property by mailing a check or money order made payable to "Clerk of Court" to:

Clerk of Court
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

and noting "Criminal No. 18-CR-10069-LTS" in the memo section of the payment method; and it is further

ORDERED that the United States Attorney's Office may request a further order from this Court allowing additional, reasonable expenses or disbursements to be paid from the Funds if such expenses or disbursements are necessary for the above-referenced closing of the Real Property to occur; and it is further

ORDERED that the Clerk of Court shall hold, in escrow, any monies paid in this case until further order from this Court; and it is further

ORDERED that this Order shall remain in full force and effect until further order from this Court.


Date: _____          _____
                                        Leo T. Sorokin
                                        United States District Judge

3